UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Christie D. O'Neal** and **Dusty M. Shepherd** on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>vs.<br><br>**Denn-Ohio, LLC.**, an Ohio corporation.<br><br>Defendant. | No. _____<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiffs, Christie D. O'Neal ("Plaintiff O'Neal") and Dusty M. Shepherd ("Plaintiff Shepherd) (collectively "Plaintiffs"), on behalf of themselves and all other persons similarly situated who are current or former servers of Defendant ("Collective Members") and by and through the undersigned attorney(s), sue the Defendant, Denn-Ohio, LLC ("Defendant Denn-Ohio"); and allege as follows:

**PRELIMINARY STATEMENT**

1.  This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendant's failure to pay Plaintiffs and other similarly-situated employees all earned minimum wages.

2.  Defendant owns and operates a chain of Denny's restaurants which are the subject of this lawsuit.

3.  Defendant has a policy or practice of paying its employee servers sub-minimum hourly wages under the tip-credit provisions of the FLSA.

1

4. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations. But an employer is *not* permitted to take a tip credit against its minimum wage obligations when it (1) requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs"); **or** (2) when the employer requires its tipped employees to perform non-tipped work that, although *related* to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek. *See, e.g.,* 29 U.S.C. § 203(m) (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection"); *Driver v. Apple Illinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties … such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work"); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time").

5. Defendant violated the FLSA by paying servers sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA.

6. Defendant violated the FLSA by enforcing a policy or practice of paying servers sub-minimum, tip-credit wages even when it required those employees to perform non-tipped work that is *unrelated* to their tipped occupation (i.e., "dual jobs").

7. Defendants violated the FLSA by enforcing a policy or practice of requiring servers to perform non-tipped work that, even if it was *related* to their tipped occupation, exceeded 20 percent of their time worked in one or more individual workweeks.

8. Defendant engaged in the regular practice of requiring Plaintiffs and the Collective Members to perform labor each shift while not clocked in ("off-the-clock"). This practice most commonly occurred, though not exclusively, when Plaintiffs or the Collective Members were nearing 40 hours worked in any given workweek. In other words, this practice most commonly occurred to avoid paying Plaintiffs and the Collective Members overtime. During such time, Defendant did not record the time that Plaintiffs and the Collective Members worked, and Defendant did not compensate Plaintiffs and the Collective Members for such time that they worked. As such, Defendant's records of Plaintiff's time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs and the Collective Members to work.

9. By requiring Plaintiffs and the Collective Members to work off-the-clock, Defendant violated both the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

10. The FLSA, 29 U.S.C. § 207, requires that employers pay non-exempt employees one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek. An employer of tipped employees who imposes a tip credit upon the wages of those tipped employees must pay, at minimum, one and one-half times the full, applicable minimum wage, less the available tip credit, to those employees for all time they spend working in excess of 40 hours in a given workweek.

11.     The FLSA specifically prohibits an employer from calculating a tipped employee's overtime rate at one and one-half times that employee's sub-minimum-wage hourly rate of pay. 29 C.F.R. § 531.60. *See also Inclan v. New York Hospitality Group, Inc.*, 95 F.Supp.3d 490, 498-99 (S.D.N.Y. March 26, 2015).

12.     For example, the Ohio minimum wage in 2018 is $8.30. If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $4.15 per hour, for a total minimum hourly rate of $4.15.

13.     In order for an employer of tipped employees to calculate the proper overtime rate, such employer must multiply $8.30 by one and one-half, for a total minimum overtime wage of $12.45. If that employer has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $4.15 per hour, for a total minimum overtime hourly rate of $8.30.

14.     If an employer were to instead calculate its tipped employees' overtime rate by multiplying the tip credit rate of pay of $4.30 by one and one-half times, for a total rate of $6.45, such a calculation would be improper, and would have the effects of: (1) increasing the tip credit imposed by the employer beyond the permissible $4.15 to $6.00 hourly, and (2) imposing two separate and distinct tip credits upon the tipped employees.

15.     Defendant imposed a tip credit upon all of their tipped employees, including Plaintiffs and the Collective Members.

16.     When Defendant did not require Plaintiffs and the Collective Members to work off-the-clock, and instead permitted Plaintiffs and the Collective Members to stay clocked in past 40 hours in any given workweek, Defendant subjected Plaintiffs and the Collective Members to its policy of calculating its tipped employees' overtime rate by multiplying the applicable tip

4

credit rate of pay by one and one-half times, rather than multiplying the full applicable minimum wage by one and one-half and then subtracting the available tip credit.

17. Therefore, Defendant subjected Plaintiffs and the Collective Members to its policy of not paying one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207. Such a practice resulted in Defendant imposing a tip credit upon Plaintiffs and the Collective Members that exceeded the permissible $4.15 per hour in 2018 under Ohio law and the FLSA.

## JURISDICTION AND VENUE

18. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs and Collective Members occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

21. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

22. Plaintiff O'Neal is an individual residing in Lucas County, Ohio, and is a former employee of Defendant.

23. Plaintiff O'Neal was employed as a server at Defendant's Denny's restaurant located at 6920 Central Avenue, Toledo, Ohio 43615 from 2013 until approximately December 11, 2017.

24. At all material times, Plaintiff O'Neal was paid by Defendant as a tipped employee under the FLSA.

25. Defendant employed Plaintiff O'Neal to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes and other side work.

26. At all material times, Plaintiff O'Neal was an employee of Defendant as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

27. Plaintiff O'Neal has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as Exhibit A.

28. Plaintiff Shepherd is an individual residing in Marion County, Ohio, and is a former employee of Defendant.

29. Plaintiff Shepherd was employed as a server at Defendant's Denny's restaurant located at State Route 37, Berkshire, Ohio 43074 from approximately June 1, 2016 until approximately July 15, 2018.

30. At all material times, Plaintiff Shepherd was paid by Defendant as a tipped employee under the FLSA.

31. Defendant employed Plaintiff Shepherd to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes and other side work.

32. At all material times, Plaintiff Shepherd was an employee of Defendant as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

33. Plaintiff Shepherd has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as Exhibit B.

34. At all material times, Denn-Ohio, LLC was a corporation duly licensed to transact business in the State of Ohio.

35. Defendant Denn-Ohio, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Lucas County, Ohio.

36. Defendant Denn-Ohio, LLC is Plaintiffs' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

37. Under the FLSA, Defendant Denn-Ohio, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Denn-Ohio, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendant. Having acted in the interest of Denn-Ohio, LLC in relation to the company's employees, including Plaintiff, Defendant Denn-Ohio, LLC is subject to liability under the FLSA.

**DEFENDANT IS A "SINGLE ENTERPRISE" AND "SINGLE EMPLOYER"**

38. Defendant owns and operates a chain of franchised Denny's restaurants.

39. At all material times, Defendant has operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendant performs

7

related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of Denny's restaurants.

40. Defendant is engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned Denny's restaurants.

41. Defendant constitutes a unified operation because it has organized the performance of its related activities so that it is an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

42. Defendant runs each Denny's restaurant identically, or virtually identically, and Defendant's customers can expect the same kind of customer service regardless of the location.

43. Defendant shares employees between restaurant locations.

44. Defendant shares common management between restaurant locations. The Denny's restaurants share common human resources and payroll services.

45. Defendant uses the trade name "Denny's" at all of its Denny's restaurant locations.

46. Defendant's restaurants are advertised on the same website.

47. Defendant provides the same array of products and services to its customers at its Denny's restaurant locations.

48. This chain of restaurants provides the same service product to its customers by using a set formula when conducting its business.

49. Part of that set formula is the wage violations alleged in this complaint.

## STATEMENT OF FACTS

50. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

51. Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

52. Defendant paid Plaintiffs and the Collective Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m). However, Defendant did not comply with the requirements of the tip-credit provisions and thus cannot avail itself of the tip-credit provisions of the FLSA.

53. Defendant regularly and frequently required Plaintiffs and the Collective Members to perform a number of non-tipped duties *unrelated* to their tipped occupations, including but not limited to: working the grill line and performing the primary job duties of cook; performing the primary job duties of a host or hostess; taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; washing dishes, operating the dishtank and performing the primary job duties of a dishwasher; breaking down and cleaning the server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; stocking stations throughout the restaurant; stocking and setting tables; stocking ice; preparing delivery orders Uber Eats, Grub Hub and Door Dash; preparing takeout orders and online orders from Denny's.com; answering the phone; working the cash register; greeting and seating customers; preparing salads; preparing deserts, ice creams and milkshakes; cutting lemons, limes, melons and strawberries; washing and stocking unsliced fruits; baking biscuits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

54. Defendant paid Plaintiffs and the Collective Members a sub-minimum wage for all hours that they worked for Defendant, including the periods during which Plaintiffs and the Collective Members were performing non-tipped duties.

55. Defendant regularly and frequently required Plaintiffs and the Collective Members to perform a number of non-tipped duties **related** to their tipped occupation, including but not limited to: preparatory and workplace maintenance tasks such as sweeping floors; cleaning booths; stocking stations throughout the restaurant; stocking and setting tables; stocking ice; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

56. Defendant regularly required Plaintiffs and the Collective Members to work off-the-clock. This was commonly, though not exclusively, required to prevent Plaintiffs and the Collective Members from being clocked in for more than 40 hours in a given workweek. As a result, Defendant failed to pay Plaintiffs and the Collective Members both minimum wage and overtime for hours worked.

57. In the less common instances where Defendant did permit Plaintiffs or the Collective Members to be clocked in for more than 40 hours in a given workweek, Defendant paid Plaintiffs and the Collective Members an overtime improper rate of one and one-half times the tip credit rate as opposed to properly calculating overtime as one and one-half times the full minimum wage minus the tip credit.

## **COLLECTIVE ACTION ALLEGATIONS**

58. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

59. Plaintiffs bring the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

60. Plaintiffs assert those claims on behalf of themselves, and on behalf of all similarly situated tipped employees employed by Defendant, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendant's compensation policies and practices.

61. Plaintiffs seek to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendants in the job position of server and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

62. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiffs and similarly situated employees' claims arise out of Defendant's willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendant within three years from the filing of this Complaint.

63. Upon information and belief, Defendant has employed hundreds of tipped employees during the period relevant to this action.

64. The identities of these employees, as a group, are known only to Defendant. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practicable.

65. Because these similarly situated tipped employees are readily identifiable by Defendant and may be located through their records, they may be readily notified of this action

and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

66. Collective adjudication is appropriate in this case because the tipped employees whom Plaintiffs wish to notify of this action have been employed in positions similar to Plaintiffs; have performed work similar to Plaintiffs; and have been subject to compensation practices similar to those to which Plaintiffs have been subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

### COUNT ONE: REQUIRED LABOR UNRELATED TO PRIMARY DUTIES OF THE TIPPED OCCUPATATION OF SERVER

67. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

68. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) and §30d00(f) by requiring Plaintiffs and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendant, to perform non-tipped labor *unrelated* to their tipped occupations, including but not limited to: working the grill line and performing the primary job duties of cook; performing the primary job duties of a host or hostess; taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; washing dishes, operating the dishtank and performing the primary job duties of a dishwasher; breaking down and cleaning the server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; stocking stations throughout the restaurant; stocking and setting tables; stocking ice; preparing delivery orders Uber Eats, Grub Hub and Door Dash; preparing takeout orders and online orders from

Denny's.com; answering the phone; working the cash register; greeting and seating customers; preparing salads; preparing deserts, ice creams and milkshakes; cutting lemons, limes, melons and strawberries; washing and stocking unsliced fruits; baking biscuits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

69. Defendant knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

70. Plaintiffs and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Christie D. O'Neal and Dusty M. Shepherd, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Collective Member's favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT TWO: REQUIRED LABOR RELATED TO PRIMARY DUTIES OF TIPPED OCCUPATION OF SERVER, BUT IN EXCESS OF 20% OF A GIVEN WORKWEEK**

71. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

72. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) and §30d00(f) by requiring Plaintiffs and the Collective Members in a given workweek, and during each and every workweek Plaintiffs and the Collective Members were employed by Defendant, to perform non-tipped labor related to their tipped occupation in excess of twenty percent (20%) of their regular workweek, while paying Plaintiffs and the Collective Members at the tip credit rate. Examples of such non-tipped labor related to their tipped occupation of servers include, but are not limited to, sweeping floors; cleaning booths; stocking stations throughout the restaurant; stocking and setting tables; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

73. Defendant failed and/or refused to pay Plaintiffs and the Collective Members the full applicable minimum wage according to the provisions of the FLSA for time they spent performing non-tipped labor related to their tipped occupation, despite requiring them to perform such work in excess of twenty percent (20%) of a given workweek, for each and every workweek that Plaintiffs and the Collective Members were employed by Defendants, in violation of 29 U.S.C. § 206(a).

74. Defendant knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor elated to their tipped occupation, but in excess of 20% of any given workweek, would violate federal law and Defendant was aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

75. Plaintiffs and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Christie D. O'Neal and Dusty M. Shepherd, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: OFF-THE-CLOCK LABOR

76. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

77. Defendant engaged in the regular practice of requiring Plaintiffs and the Collective Members to perform labor each shift while not clocked in ("off-the-clock"). This practice most commonly occurred, though not exclusively, when Plaintiffs or the Collective Members were nearing 40 hours worked in any given workweek. In other words, this practice most commonly occurred to avoid paying Plaintiffs and the Collective Members overtime. During such time, Defendant did not record the time that Plaintiffs and the Collective Members worked, and Defendant did not compensate Plaintiffs and the Collective Members for such time that they worked. As such, Defendant's records of Plaintiff's time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs and the Collective Members to work.

78. By requiring Plaintiffs and the Collective Members to work off-the-clock, Defendant violated both the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

79. Defendants knew that – or acted with reckless disregard as to whether – requiring Plaintiffs and the Collective Members to work off-the-clock, would violate federal law and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiffs, Christie D. O'Neal and Dusty M. Shepherd, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Collective Members' favor, and against Defendants for compensation for unpaid minimum and overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: IMPROPER OVERTIME RATE

80. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

81. Plaintiffs and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

82. In the instances in which Defendant did not require Plaintiffs and the Collective Members to work off-the-clock for hours worked over 40 hours in any given workweek, Defendant paid Plaintiffs and the Collective Members an improper overtime rate of one and one-

half times the tip credit rate as opposed to properly paying overtime at one and one-half times the full minimum wage minus the tip credit.

83. As a result of Defendant's willful failure to pay Plaintiffs and the Collective Members one and one-half times the applicable regular rate for all hours worked in excess of 40 per week, Defendant did not pay Plaintiffs and the Collective Members the applicable overtime rate for all hours worked for the duration of their employment, in violation of 29 U.S.C. § 207.

84. As a result of Defendant's willful failure to compensate Plaintiffs and the Collective the applicable overtime rate for all hours worked, Defendants violated the FLSA.

85. As such, the full applicable overtime rate is owed for all hours that Plaintiffs and the Collective Members worked in excess of 40 hours per week.

86. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiffs and the Collective Members the proper overtime rate would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment with Defendant. As such, Defendant's conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiffs, Christie D. O'Neal and Dusty M. Shepherd, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Collective Members' favor, and against Defendants for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this February 6, 2019.

BENDAU & BENDAU PLLC

17

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau (*pro hac vice pending*)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliffordbendau@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com