## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTIE D. O'NEAL, et al., | ) | CASE NO.  3:19 CV 00280 |
| | ) | |
| *Plaintiffs,* | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| *v.* | ) | |
| | ) | **DEFENDANT DENN-OHIO, LLC'S** |
| DENN-OHIO, LLC, | ) | **BRIEF IN OPPOSITION TO** |
| | ) | **PLAINTIFFS' MOTION FOR LEAVE** |
| *Defendant.* | ) | **TO FILE SECOND AMENDED** |
| | | **COMPLAINT** |

### I.    Introduction

Pending before the Court is Plaintiffs' August 21, 2019 Motion For Leave to File Second Amended Complaint ("Second Motion to Amend"). Doc. #21. If granted, Plaintiff's Second Motion to Amend will result in undue delay, as well as significant prejudice and unnecessary cost for Defendants Denn-Ohio, LLC ("Denn-Ohio"), PTS Hospitality, LLC ("PTS"), JMAD Hospitality, LLC ("JMAD"), Thomas F. Pilbeam ("Pilbeam") and Jack Thompson ("Thompson") (collectively, "Defendants").  Accordingly, Plaintiff's Second Motion to Amend should be denied.

### II.    Relevant Factual Background

On February 6, 2019, Plaintiffs' filed the initial complaint in this matter ("First Complaint"), asserting various wage and hour claims both under the Fair Labor Standards Act ("FLSA") and the Ohio Revised Code. Defendant filed a motion to dismiss counts one and two of the First Complaint on April 5, 2019. Doc. #7. Shortly after Defendant filed its motion to dismiss, Plaintiffs' filed a first amended complaint on April 23, 2019. Doc. #11. The amended complaint generally alleged the same claims as the First Complaint. The Parties then participated in a telephone Case Management Conference ("CMC") on April 24, 2019. This Court then

ordered that all parties are to be joined and pleading amended by May 24, 2019. Doc. #12. On August 21, 2019, Plaintiffs' filed a motion to amend the complaint for a second time, adding two new corporate defendants, and two individual defendants. Doc. #21. Plaintiffs' claim the amendment is justified as they did not discover pertinent facts underlying the amendment until after the pleadings closed.

From the onset of this case, the parties have been operating as if there is one Defendant, and have not discerned the issue as to whether that Defendant, specifically Denn-Ohio, is an employer for purposes of the FLSA or Ohio law. Both parties have engaged in discovery, and Defendant has developed a case strategy, based on this understanding.

## III.    Argument

### a.    Plaintiffs Do Not Meet the Amendment Standards of the Federal Rules.

While leave should be granted when justice so requires, the fact that a plaintiff either "knew or should have known" of the facts predicating the proposed amendment "long before he filed his motion to amend" warrants denial of a motion to amend. *See Commerce Benefits Group, Inc. v. McKesson Corp.*, N.D. Ohio No. 1:07-CV-2036, 2008 U.S. Dist. LEXIS 9229, at *6-7 (Jan. 28, 2008) (denying plaintiff's motion to amend in part because "the factual basis for [the additional] claim existed at the beginning of this lawsuit and yet was not raised by the Plaintiff.") Furthermore, while Rule 21 of the Federal Rules allows a court to add parties at any stage of the litigation, Rule 16(b) provides that a case management ("CMC") schedule may only be modified for good cause with the judge's consent. Here, Plaintiffs' should have been aware of claims they would make against Pilbeam or Thompson from the onset of this litigation, and have not properly plead their allegations against them. Finally, there is not good cause to modify this Court's CMC order and allow these additional defendants to be named.

### i.  Plaintiffs' Did Not Initially Name Defendant Pilbeam or Defendant Thompson at Their Own Peril.

Here, Plaintiffs' claim they were unaware Defendant Pilbeam and Defendant Thompson were owners of Denn-Ohio, LLC., until July 29, 2019. Indeed, July 29, 2019 is when Plaintiffs' received the management handbook, however Denn-Ohio's corporate filings, readily available for all members of the public to view, has been online since Denn-Ohio registered with the state of Ohio since *at least* 2010. Plaintiffs' were fully able to utilize the Secretary of States resources, and should have done so from the onset of this litigation had they intended on arguing Defendant Pilbeam and Defendant Thompson are "employers" for purposes of the FLSA or Ohio law. Any delay in identifying the corporate owners was entirely incumbent upon Plaintiffs' failure to conduct their own, routine research prior to initiating this litigation.

Plaintiffs' failure to add these additional defendants from the onset will further delay this litigation because it will require Defendants to develop a new case strategy for determining whether Pilbeam and Thompson are "employers", re-answer the complaint, conduct discovery in relation to those claims and potentially engage in future motion practice. *See Phelps v. McClellan*, 30 F.3d 658, 662-663 (6th Cir.1994) ("In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial"). This change in course substantially modifies the state of this litigation, and requires Defendants to essentially start from zero as to the new claims.

### ii.  Plaintiffs' Have Not Appropriately Pled that Defendants Thomas F. Pilbeam and Jack Thompson are "employers."

Even if this court finds Plaintiffs' failure to properly identify Pilbeam and Thompson as Defendants appropriate, Plaintiffs' motion to amend should still be denied because the complaint

fails to appropriately plead Pilbeam and Thompson as "employers" under the FLSA or Ohio law. It is well established that Plaintiffs' must plead with particularity the claims they are making. See *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. See also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("A formulaic recitation of the elements of a cause of action" is not enough). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.*" Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original). As such, conclusory statements and assertions are not enough to state a claim, rather Plaintiffs' must plead with particularity.

Here, Plaintiffs' summarily state for both Pilbeam and Thompson:

> The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant … had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff, Defendant … is subject to liability under the FLSA.

Pl. Second Amend. Compl. ¶60, 63.

Plaintiffs' pleadings in relation to the Ohio claims are even more summarily stated. *See*, *id*. at ¶61, 64.

As such, it is apparent that Plaintiffs' have failed to plead how Pilbeam or Thompson are "employers" for purposes of the FLSA, but rather have simply asserted routine managerial tasks without laying any foundation that Pilbeam or Thompson actually do or engage in the tasks they are asserting. As such, Plaintiffs' motion to amend should be denied.

4

### iii.  Plaintiffs Have Failed to Specify How PTS or JMAD Have Any Relevance to This Case.

Finally, neither Plaintiffs' Motion to Amend the Complaint nor the Second Amended Complaint itself makes any mention as to why PTS or JMAD should be parties to this case. Plaintiff's memorandum in support appears to insinuate that simply because Pilbeam and Thompson own PTS and JMAD alongside Denn-Ohio, they are therefore relevant. However, the Second Amended Complaint itself doesn't even plead what types of companies PTS or JMAD are, rather it simply alleges that they are corporations in Ohio, and employers under the FLSA and Ohio law. In no way does Plaintiff make any showing that these entities are in any way related to the allegations in the Complaint. Simply existing or being owned by similar owners does not warrant their addition to this case.

## IV.  Conclusion

Based on the foregoing, Plaintiffs' Motion for Leave to File Second Amended Complaint should be denied.

Respectfully submitted,

*/s/ Brian J. Kelly*
Brian J. Kelly (0063679)
*bkelly@frantzward.com*
Jonathan M. Scandling (0093905)
*jscandling@frantzward.com*
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
(216) 515-1660 (Telephone)
(216) 515-1650 (Facsimile)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Memorandum in Opposition was filed electronically on this 20th day of September, 2019. Notice of this filing will be sent to the opposing counsel by operation of the Court's electronic filing system.

*/s/ Brian J. Kelly*
*One of the Attorneys for Defendant*